-0-

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY K. LY, | ) Case No. CV 07-7962-OP |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION; ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

The Court[1] now rules as follows with respect to the single disputed issue listed in the Joint Stipulation ("JS").[2]

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action (See Dkt. Nos. 7, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

I.

**DISPUTED ISSUE**

As reflected in the Joint Stipulation, Plaintiff raises the following ground for reversal and/or remand: whether the Commissioner properly considered Plaintiff's subsequent medical evidence from treating physician, Dr. Pang, as submitted to the Appeals Council for review. (JS at 6.)

II.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).

III.

**DISCUSSION**

It is well-established that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and to observe the patient as an individual. McAllister v. Sullivan, 880 F.2d 1086, 1089 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the

ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). Contrary opinions of examining and non-examining physicians "serve as additional specific and legitimate reasons" for rejecting the opinions of treating and examining physicians. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); see also Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding that the self-contradictory nature of treating physician opinion was a "clear and convincing" reason for rejection).

In his decision, the ALJ noted that although there was objective evidence to support Plaintiff's amputation as a result of an automobile accident, hypertension, and chronic headaches, there was no objective evidence to support Plaintiff's allegations of total disability. (AR at 25.) The ALJ noted that the medical records submitted by Plaintiff's treating physicians, Drs. Pang, Lin, Nguyen, and Tam, provided "no statements of imposed limitation," and only briefly described Plaintiff's complaints, prescription medications, and recommendations.[3] (Id.)

---

[3] Dr. Pang's records before the ALJ indicated only two visits, on September 7, 2005, and September 18, 2005 (id. at 203-08), relate a history of hypertension and spontaneous abortion, and diagnose a foreign body, i.e., glass,
(continued...)

3

The ALJ, therefore, adopted the opinions of the medical experts, Dr. Thomas Maxwell for Plaintiff's physical conditions and Dr. Glenn Griffin for her mental conditions, finding that there was no contrary opinion evidence but for that of treating physician, Dr. Nguyen, which the ALJ rejected for specific and legitimate reasons. (Id. at 24.) That rejection is not at issue here.

The ALJ found that Plaintiff suffered from the medically determinable impairments of a right arm amputation above the elbow, chronic headaches, hypertension, and an adjustment disorder with depressed mood (id. at 21), but that these impairments did not meet or medically equal a listed impairment (id. at 23.) The ALJ also found that Plaintiff retained the residual functional capacity to perform a range of light work that would:

> [L]imit her to lift and carry twenty pounds occasionally and ten pounds frequently; stand and/or walk for six hours of an eight-hour workday; sit for six hours of an eight-hour workday; with occasional climbing of ramps and stairs, balancing, kneeling, stooping, and crouching; with a limit of climbing ladders, ropes, or scaffolds and further limit from work at height or around dangerous machines; no work requiring Plaintiff to reach, handle, finger, or feel with the right upper extremity; limit from constant use of non-dominant left; and limit to simple repetitive tasks.

(Id. at 23-24.) The ALJ determined that although Plaintiff was unable to perform any past relevant work, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform despite the loss of her right arm and other limitations. (Id. at 26-27.)

After the ALJ's decision, Plaintiff submitted new evidence to the Appeals Council including a June 6, 2007, Physical Residual Functional Capacity

---

[3](...continued)
in her forehead, as well as "pelvic pain" (id. at 208).

1  questionnaire from Plaintiff's treating physician, Dr. Pang. (Id. at 4, 8, 235-39.) In
2  this questionnaire, Dr. Pang opined that Plaintiff suffered from frequent phantom
3  pain, could sit or stand for thirty minutes continuously, sit for three hours and stand
4  or walk for two hours during an eight-hour work day, and must take walking
5  breaks every thirty minutes, lasting fifteen minutes at a time. Additionally, he
6  stated that Plaintiff would need to take frequent, unscheduled one-hour breaks
7  during an eight hour work day. (Id. at 235-38.) He stated she could never lift any
8  weight, and had significant limitations in reaching, handling, or fingering. (Id. at
9  238.) In response to the question asking him to describe any other limitations that
10 would affect Plaintiff's ability to work at a regular job on a sustained basis, he
11 responded: "Pt has on[ly] one arm[.] What can you expect her to do?" (Id. at
12 239.) He also spontaneously noted at the end of the form: "Pt has only one arm -
13 you can look at her and do not need any one to fill out this form. She is completely
14 disable[d] with only one arm." (Id.) He indicated that these symptoms and
15 disabling limitations had existed from the day of the car accident. (Id.)
16      Also submitted to the Appeals Council were three pages of treatment notes
17 from Dr. Pang. (Id. at 232-34.) One page appears to be a duplicate of a September
18 7, 2005, note previously submitted to the ALJ, although it now contains additional
19 notations regarding Plaintiff's arm amputation and the "foreign body" she felt
20 under the skin of her forehead. (Compare id. at 207 with id. at 234.) The second
21 page indicates that Plaintiff also saw Dr. Pang on September 18, 2005, for
22 hypertension, and again referenced her history of spontaneous abortion, and on
23 November 11, 2006, for headache, hypertension, glass in her scalp, and "PUD,"
24 possibly indicating peptic ulcer disease. (Id. at 233.) The third page indicates
25 appointments on November 14, 2006, and December 19, 2006, for rectal bleeding,
26 hypertension and "PUD". (Id. at 232.)
27      The Appeals Council specifically noted that it had "considered the additional
28 evidence," finding that the information did not provide a basis for changing the

ALJ's decision. (Id. at 5-6.) Where, as here, the Appeals Council considers additional evidence but denies review, the additional evidence becomes a part of the Administrative Record for purposes of the Court's analysis. See Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993); accord Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

Plaintiff argues that Dr. Pang's June 2007 opinion changed the weight of the evidence and provided the substantial evidentiary support for Plaintiff's claim of disability that the ALJ had found was missing in the record. (JS at 9.) She also claims the Appeals Council was required to provide specific and legitimate reasons for rejecting the new evidence. (Id. at 10.) The Court does not agree with either position.

Based on the record before him, the ALJ had found that there was insufficient contemporaneous objective evidence to support Plaintiff's claim of total disability, and that none of her treating physician's records provided that support. Likewise, these additional treatment notes also fail to provide any sort of objective support for a claim of total disability, let alone support for Dr. Pang's sweeping and conclusory opinion that just the fact of Plaintiff's amputated right arm completely disables her from doing any type of work. The Commissioner need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings. Matney ex. rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992) (citing Magallanes, 881 F.2d at 751).

The Court also notes that Dr. Pang mentions phantom limb pain for the first time in the Residual Functional Capacity questionnaire, and that Plaintiff went for a neurology consult regarding this symptom only after the ALJ's decision. (AR at 222-24, 235, 236.). There does not appear to be any indication that Plaintiff

6

complained of this symptom in the medical records prior to the hearing.[4]  Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ properly considered claimant's failure to request any serious medical treatment for allegedly severe pain).  In fact, at the hearing Plaintiff indicated that it was her mental problems, which she described as worrying and thinking a lot, not her physical problems, that made her feel like she did not want to work.  (AR at 255.)

Furthermore, the ALJ gave valid reasons for rejecting Plaintiff's allegations of disabling limitations which are not changed by the submission of this additional evidence.  (Id. at 25-26.)  He cited lack of medical treatment, large gaps in treatment,[5] and Plaintiff's daily activities, which include some household chores, errands, shopping, cooking, watching television, taking walks, going out with friends, and attending the Buddhist temple.  (Id. at 26.)  See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, and daily activities inconsistent with total disability).  Dr. Pang's new treatment notes do nothing to provide objective support for Plaintiff's claim or his opinion of total disability.

The Court notes that reports issued after an adverse decision are less persuasive.  Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996); Weetman v. Sullivan, 877 F.2d 20, 23 (9th Cir. 1989) (opinion all the less persuasive since

---

[4] At the hearing Plaintiff stated that "sometimes" there's pain in her stump.  (AR at 251.)  Upon questioning by her attorney, Plaintiff stated it happens every two or three days and may last a few hours but sometimes as long as a whole night.  (Id. at 254.)

[5] Even the new treatment notes suggest that between September 2005 and November 2006 Plaintiff did not see Dr. Pang for any treatment or consultation.  (AR at 232.)

obtained only after the ALJ issued an adverse decision). Moreover, because Dr. Pang's latest opinion was neither supported by clinical findings nor consistent with other evidence in the record, there is no requirement that his opinion receive controlling weight. See Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007); see also 20 C.F.R. § 404.1527(d)(2); Soc. Sec. Ruling 96-2p (controlling weight may not be given to a treating source's opinion unless the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and, even if well-supported, the opinion is not inconsistent with other substantial evidence of record). Thus, even if this particular report had been completed and submitted at the hearing, it is likely it would have met the same fate.

Accordingly, when examining the record as a whole, the additional evidence does not bolster Plaintiff's claim of total disability. Nor does the additional evidence provide any reason to impose greater restrictions than those assessed by the ALJ, as there still is no objective evidence to support Dr. Pang's conclusory assertion of total disability. Based on the foregoing, the Court finds that the Appeals Council did not err in affirming the ALJ's decision.

## IV.

## **ORDER**

IT IS THEREFORE ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: May 11, 2009

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge